IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ROBERTO BARRIENTOS, #02067337,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:20-CV-1116-X (BH) |
| ) | |
| **LORIE DAVIS, Director,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, this case should be dismissed without prejudice for failure to follow orders of the court.

**I. BACKGROUND**

On April 30, 2020, the petitioner filed a handwritten "Petition for Writ of Habeas Corpus." (*See* doc. 3.) By *Notice of Deficiency and Order* dated May 7, 2020, he was notified that he had not filed his habeas petition on the appropriate form and paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) The order specifically advised the petitioner that within thirty days, he must file his habeas petition on the appropriate form and either pay the filing fee or file an IFP application, and that a failure to do so could result in the dismissal of the case. *Id.* Attached to the order was a form for a § 2254 habeas petition and an IFP application. *See id.* No response was received.

On June 7, 2020, a *Second Notice of Deficiency and Order* notified him that he had not filed his habeas petition on the appropriate form and paid the filing fee or submitted an IFP application and included the appropriate forms. (*See* doc. 7.) It specifically advised the petitioner that he must

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

comply with its terms within thirty days, and that a failure to do so could result in the dismissal of the case. *Id.* The petitioner returned the § 2254 habeas petition form, but it was blank. (*See* doc. 8.) A *Third Notice of Deficiency and Order* dated July 15, 2020, notified him that the habeas petition he had submitted was blank, and that he had still not paid the filing fee or submitted an IFP application, and it included the appropriate forms. (*See* doc. 9.) It specifically advised the petitioner that he must comply with its terms within thirty days, and that a failure to do so could result in the dismissal of the case. *Id.* He has still not filed his habeas petition on the appropriate form or paid the filing fee.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner failed to comply with the orders that he file his § 2254 petition on the appropriate form and either pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. The case should therefore be dismissed under Rule 41(b) for failure to follow court orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to follow orders of the court, unless the plaintiff files his § 2254 habeas petition on the appropriate form, and either pays the filing fee or submits a completed application to proceed *in forma pauperis*

2

within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 14th day of September, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE